PETER NICKODEMUS v. JACOB NICKODEMUS.

*Absolute transfer of property by debtor.*

A man made an absolute conveyance of his property to his brother in order to avoid the payment of certain paper upon which, he claimed, his liability had been fraudulently obtained. He was also otherwise indebted. In a suit by creditors to set aside the conveyance as fraudulent as against them, it was proven by the brothers to have been *bona fide.* The grantor afterwards filed a bill against his brother for an accounting and for leave to redeem, claiming that it had been further agreed between them that the defendant, after paying complainant's debts out of the proceeds and profits of the property, should reconvey. *Held,* on the evidence, that the bill was rightly dismissed.

Appeal from Saginaw. Submitted January 14. Decided January 26.

BILL for accounting and reconveyance. Dismissal affirmed.

*Tarsney & Weadock* for complainant.

*John McArthur, William H. Sweet* and *George A. Flanders* for defendant. Fraudulent conveyances, while void as to creditors, are valid as between the parties: Story's Eq. Jur. §§ 353-5, 371; 4 Bac. Ab. 412; *Bolt v. Rogers* 3 Paige 157; *Nellis v. Clark* 20 Wend. 24: 4 Hill. 424; *Osborne v. Moss* 7 Johns. 161; *Noble v. Noble* 26 Ark. 317; *Jones v. Rahilly* 16 Minn. 320; *Blount v. Costen* 47 Ga. 534; *Moseley v. Moseley* 15 N. Y. 335; *Stephens v. Heirs of Harrow* 26 Ia. 458; *Stewart v. Ackley* 52 Barb. 283; *Sweet v. Tinslar* id. 271; *Dunbar v. McFall* 9 Humph. 505; *Tremper v. Barton* 18 Ohio 418; *Malin v. Garsney* 16 Johns. 189; *St. John v. Benedict* 6 Johns. Ch. 111; *Gage v. Gage* 36 Mich. 229; but see *Clemens v. Clemens* 28 Wis. 637; courts will not allow debtors to transfer property to pay just debts and avoid those that are unjust: *Brady v. Briscoe* 2 J. J. Marsh. 213; *Stewart v. Iglehart* 7 G. & J. 132; *Ward v. Trotter* 3 T. B. Mon. 2; where it is claimed that one who holds title under an absolute conveyance holds it in trust, the trust must be satisfactorily established: *Shepard v. Pratt* 32 Ia. 296; parol evidence to supplement the written evidence is inadmissible: *Cook v. Barr* 44 N. Y. 156; where property is conveyed by an ordinary deed, without any condition or declaration of trust, and which declares the uses to be for the grantee's benefit, no resulting trust can arise in the grantor's favor under any parol agreement contravening the deed: *Brown v. Bronson* 35 Mich. 415.

MARSTON, C. J. The complainant and defendant are brothers, and, prior to 1869, they owned certain real estate in common and were engaged in keeping a saloon in East Saginaw. The complainant had become indebted as an indorser, and was also liable on certain paper which he claims was fraudulently obtained, and to avoid payment of this last, he made an absolute conveyance of certain real and personal property to the defendant, and a written agreement was at

the same time executed, under which the grantee was to pay certain debts against the complainant in consideration of the conveyances made. The complainant now claims that there was a farther agreement made between the defendant and himself, that he, the complainant, should retain his interest in the saloon ; that the defendant out of the profits and proceeds of the property was to pay the debts of the complainant, except the notes fraudulently obtained, and that upon payment thereof, the defendant should then reconvey to complainant his interest in the property. The bill was filed in this case for an accounting and for leave to redeem. It is almost needless to say that the defendant claims that the conveyance to him was absolute ; that he was not to reconvey when the debts were paid, and that complainant had no interest in the business carried on by him. The case was heard upon pleadings and proofs and the bill dismissed.

All the writings introduced in evidence sustain the defendant's theory. The oral evidence introduced on the part of the complainant, standing alone, is not of that clear and satisfactory character which would justify a court in granting the relief prayed for.

After the conveyance was made certain creditors of the complainant levied upon the property and then filed a bill in chancery to have the conveyance set aside as fraudulent as against creditors. The complainant put in an answer, and was examined as a witness in that case, and also the defendant. The transaction was then by them proven to the satisfaction of the creditors to have been *bona fide*, and the proceedings were abandoned. No pretence was then made by this complainant that he had any interest in the property, or that it was at any time or under any circumstances to be reconveyed to him. If valid then, it has not changed since

We need not discuss the questions raised at length.

The decree must be affirmed with costs.

CAMPBELL and GRAVES, JJ. concurred : COOLEY, J. did not sit in this case.